City of Marseilles, Appellant, v. John Heister, Appellee.

Gen. No. 4,972.

1. EVIDENCE—*when exclusion of evidence in rebuttal not ground for reversal.* It is within the discretion of the trial court to grant or refuse leave to introduce evidence in rebuttal, which is not strictly in rebuttal; a reversal will not be predicated upon such action of the trial court in the absence of an abuse of discretionary power.

2. INSTRUCTIONS—*must be confined to the issues.* An instruction is properly refused which does not relate to the issues in the cause.

3. APPEALS AND ERRORS—*when assignment of error deemed waived.* An assignment of error not argued is deemed waived.

Action commenced before justice of the peace. Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH,

Judge, presiding.   Heard in this court at the April term, 1908.
Affirmed.   Opinion filed August 10, 1908.

PETER M. McARTHUR, for appellant.

No appearance for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

John Heister, appellee, was arrested in the city of Marseilles in the night-time upon the arrival of an interurban car from Ottawa. He was held until the following morning, when he gave bail, and was afterwards tried before a police magistrate and jury. There was no complaint in writing, but the transcript of the police magistrate's docket recited that he was tried on the charge of being drunk and disorderly upon the streets of Marseilles. The jury found appellee not guilty. The city appealed the case to the Circuit Court of LaSalle county, where, as the evidence discloses, appellee was tried on the charge of being drunk and disorderly on an interurban car within the limits of the city of Marseilles. The jury there found appellee not guilty. A motion for a new trial was denied. Judgment was entered against the city for costs, and the city prosecutes this further appeal.

The city of Ottawa and the city of Marseilles are connected by an interurban railway operated by the Illinois Valley Railway Company. On the night of September 11, 1907, appellee boarded a car of said company at Ottawa, which arrived at Marseilles about 11 P. M. Appellant's proof tended to show that appellee was drunk and disorderly and indulged in the use of obscene and profane language after the car, which was running east, had passed the west limits of the city of Marseilles. Appellee's proof tended to show that, while he was somewhat under the influence of liquor, his conduct was not disorderly or his language improper after the car came within the limits of Marseilles.

The evidence is undisputed that shortly after appellee got off the car at the station in Marseilles, one Smith, appellant's chief of police, approached and addressed some remark to appellee and then knocked him down with a club. Appellee testified that he knew nothing thereafter until the next morning. Nine witnesses testified that Smith struck appellee several times after he knocked him down. They all said this more than once, and some said it as many as five or six times, and one witness said Smith kicked appellee after knocking him down. After appellee had been clubbed by Smith into apparent unconsciousness, Smith and one Coffin, appellant's assistant chief of police, dragged him face downward for some distance until bystanders interfered. Then, with other help, they carried him to the station, where it became necessary to call a surgeon to dress his wounds. The evidence is also undisputed that his clothes were badly torn and a trail of blood marked the course over which he was dragged.

On rebuttal, the chief of police was permitted, over objection, to relate his version of what transpired after appellee got off the car. The judge stated that he did not think it was rebuttal, but that he might answer. The assistant chief was then asked to relate his version of what occurred. The objection was renewed and sustained on the ground that it was not rebuttal. Of this ruling appellant complains. If appellant sought to convict appellee of being drunk and disorderly after he left the car it should have produced the evidence thereof before resting its case. If the case sought to be made by appellant in chief was that of disorderly conduct on the car, then it was not competent to prove in rebuttal, disorderly conduct after he left the car. It was not error to exclude the offered testimony of the assistant chief of police.

It is claimed in appellant's brief that the court refused to allow appellant in its rebuttal evidence to prove that appellee resisted the chief of police and

struck him, and that the chief of police used no more violence than was necessary to reduce appellee to subjection. Neither the abstract nor record show that the court refused to allow such proof. Moreover the proof offered for that purpose was not rebuttal of appellee's defense but a part of appellant's original case, and if overlooked by appellant in making its case in chief, the court was not called upon to suspend or dispense with the rules regulating the introduction of evidence to excuse counsel's oversight. The record presents no error relative to the admission or exclusion of evidence.

The evidence is conflicting on the charge attempted to be proved in chief, that appellee was guilty of disorderly conduct on the car within the limits of the city of Marseilles, therefore we are not inclined to disturb the judgment on the facts.

Appellant sought to impeach the testimony of one of appellee's witnesses by showing that he had made statements out of court inconsistent with his testimony on the trial, and now argues that the court erroneously limited its examination of the witness. In this, counsel is not supported by the record, as it is apparent he was not restricted in his attempt to impeach the witness.

Appellant offered five instructions. The court refused three and modified and gave two. The first refused instruction related to the right of the chief of police to arrest appellee. That question was not involved. The second refused instruction did not relate to the charge upon which appellant's evidence in chief bore. The third refused instruction would have permitted the jury to convict appellee for any offense other than that for which appellant introduced proof in chief. A modification of the third and fourth instruction is complained of, but not argued, and therefore we are excused from considering the action of the court in that particular. But an examination of the instructions modified discloses such a clear, full and

accurate presentation of the law applicable to the facts appearing in the record that we commend the action of the trial court in that particular.

Appellant's brief states that "the city of Marseilles has appealed this case for the purpose of having the question decided once for all if its ordinances can be enforced in the courts, and peace and good order maintained within the city" and further states that, "It is not with any hope of punishing the defendant in this case, but that an example may be set to others." Again appellant says not only does the peace and good order of the city depend upon the decision of this case, but also the protection of persons travelling between cities. If examples are necessary to preserve the peace and enforce the ordinances of appellant, we are of the opinion that its chief of police, supposedly a peace officer, should set the first example. He should realize that, in making an arrest, his official baton or club should only be used when moral suasion and moderate force is inadequate to reduce to subjection a citizen whose apprehension is demanded under the law.

The evidence is conclusive that appellee was so outrageously and unmercifully treated that any jury would be likely to sympathize with and acquit him even though evidence showed he was technically guilty of violation of the ordinance.

Finding no error of law in this record the judgment is affirmed.

*Affirmed.*